GEORGE H. PALMER v. J. F. PALMER AND WIFE, LOU PALMER.

(Filed 2 June, 1920.)

**Evidence—Attorney and Client—Argument to Jury—Absence of Client—Appeal and Error.**

> The conduct of counsel in presenting their case to the jury is largely in the control and discretion of the trial judge; and in the trial of a civil action, which does not require the presence of a party, the attorney for his side of the controversy may not, as a matter of right, argue to the jury why his client had not been present during the trial, there being no evidence of the fact upon which to base it.

CIVIL ACTION, tried before *Bryson, J.,* at January Term, 1920, of HAYWOOD, upon the following issues:

"1. Did the defendant wrongfully and unlawfully burn and destroy the property of the plaintiff, as alleged in the complaint? Answer: 'No.'

"2. What damage, if any, is the plaintiff entitled to recover?"

Plaintiff appealed.

*Morgan & Ward, W. J. Hannah, and Felix E. Alley for plaintiff.*

*G. S. Ferguson, John M. Queen, Grover C. Davis, and J. Bat Smathers for defendants.*

BROWN, J. This action was brought to recover damages of the defendant, J. F. Palmer, for wrongfully, unlawfully, and feloniously setting fire to and destroying an outhouse containing certain personal property belonging to the plaintiff. The question involved seems to be almost exclusively a matter of fact. There are three assignments of error, two relating to evidence and one to the action of the court in not allowing counsel for the plaintiff to argue before the jury why the defendant, Frank Palmer, was not in attendance upon the court at the trial.

We find no merit in either assignment of error. This is a civil action, and the defendant was not required to be present in court. It was admitted in open court that the defendant Frank Palmer was not present, but there was no evidence whatever as to why he was not present. Counsel could not be allowed in his argument to give reason for the defendant's absence when no evidence had been introduced tending to prove why he was absent.

Counsel cannot be allowed to argue facts before a jury which are not disclosed by the evidence, and the conduct of counsel in presenting their client's case to the jury is largely in the control and discretion of the trial judge. *Irvin v. R. R.,* 164 N. C., 5; Cyc., 1471.

No error.